```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 14-23510-CIV-GAYLES
                                   MAGISTRATE JUDGE P.A. WHITE

CALFUS DRUMMOND,                :

     Petitioner,                :

v.                              :         REPORT OF
                                          MAGISTRATE JUDGE
ERIC HOLDER,
ATTORNEY GENERAL;               :

     Respondents.               :
_____
```

## I. Introduction

Calfus Drummond, who is presently confined at the Monroe County Jail at Key West, Florida, has filed a *pro se* petition for writ of habeas corpus pursuant to United States Code Title 28, Section 2241. The petitioner is challenging his continued detention pending removal after the entry of an administratively final order of removal.

This cause has been referred to the undersigned for consideration and report pursuant to Administrative Order 2003-19.

The Court has for its consideration the petitioner's petition (DE# 1) and the Respondent's response to an order to show cause and appendix of exhibits (DE# 7). The petitioner filed an amended petition without leave of court which will be construed as a reply to the response. (DE# 8). The respondent has also filed a status update as requested. (DE# 11).

## II. Procedural History

The pertinent procedural history of this case is as follows.

The petitioner is present in the United States after entry as lawful permanent resident in 1998. (DE# 7-1, p. 2-4).) He came to the attention of Bureau of Immigration and Customs Enforcement ("ICE") while in the custody of the State of Florida after being convicted of being a felon in possession of a firearm. The petitioner has other prior convictions, including possession of marijuana with intent to sell, fleeing a law enforcement officer, uttering a forged instrument and third degree grand theft. (DE# 7-2). The petitioner was served with a Notice to Appear on March 2, 2012 and charged with being removable based upon multiple convictions for crimes involving moral turpitude, a firearm crime and a drug trafficking crime. (DE# 7-3). On January 17, 2014 the petitioner was ordered removed from the United States to his native country of Jamaica. (DE# 7-5). There was no appeal of that decision, meaning his removal order became final on February 16, 2014. There have been no further challenges to the removal order and the petitioner does not challenge the order in this proceeding.

The petitioner was scheduled to meet with a representative of the Jamaican Consulate to process travel documents on March 6, 2014. On March 10, 2014 ICE was advised that the document request would be processed by the Jamaican government in Kingston, Jamaica. On March 31, 2014 the travel documents remained pending with the Jamaican government. On August 26, 2014 the Jamaican government advised ICE that it needed contact information for the petitioner's family in Jamaica. The petitioner was advised of this request. The petitioner was advised on September 9, 2014 that he would continue to be detained. As of October 30, 2014 the petitioner had not complied with the request for contact information.

On February 2, 2015 ICE contacted the Jamaican Consulate to request a status on the travel documents. On March 30, 2015 the

Jamaican Consulate advised that the documents were still pending. Additional status requests were made on April 9, 2015, April 24, 2015 June 1, 2015 and June 12, 2015. The travel document request remains pending with the Jamaican government. The petitioner continues to be detained pending the receipt of travel documents from Jamaica. (DE# 11-1). He is presently pending a custody review.

The instant petition was filed on September 1, 2014 challenging his continued detention pending the execution of the final order of removal. The government filed its response arguing that the petitioner had not complied with requests for contact information about the petitioner's family members living in Jamaica. The government further contended that the petitioner had not established that his removal was not likely to occur in the reasonably foreseeable future.

In response to this court's order the government filed a status report indicating that the petitioner remains in custody and that his custody would be reviewed in July. As of this date the petitioner remains in custody.[1]

### III. Standard of Review

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 18 U.S.C. § 2241(c)(3). The Supreme Court has held that "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." Zadvydas v. Davis, 533 U.S. 678, 688 (2001).

---

[1] The undersigned has accessed the ICE Detainee Locator website found at:https://locator.ice.gov/odls/searchByName.do

In <u>Zadvydas</u> the Court held that six months is a presumptively reasonable period for detention after the entry of a final order of removal. <u>Id.</u> at 701. Once the six month period has expired and the alien has provided good reason to believe he will not be removed within the reasonable foreseeable future the government must respond with evidence to rebut that showing. <u>Id.</u> The alien will be detained until it is clear that he will not be removed within the reasonable foreseeable future. <u>Id.</u>

### IV. Discussion

United States Code Title 8, Section 1231(a)(1), requires the federal government to attempt to effectuate an alien's removal within a ninety-day "removal period." 8 U.S.C. § 1231(a)(1). During this removal period, the government must detain the alien. 8 U.S.C. § 1231(a)(2). The government may detain an alien beyond the ninety-day removal period only for a length of time reasonably necessary to bring about the alien's actual removal, which is presumptively six months. <u>Zadvydas</u>.

The petitioner's is challenging his continued detention as a violation of due process. The petitioner's final order of removal became final on February 16, 2014. He filed this petition more than eight months later on September 1, 2014. The petitioner has thus met the first test as established in <u>Zadvydas</u> in that he has been detained in excess of the presumptively reasonable six month period. The question next becomes whether the petitioner will be removed within the reasonably foreseeable future.

At the time the petition was filed the petitioner had been in custody for eight months. The length of his detention at that time was due to his failure to cooperate with the Jamaican government's request for information. It appears that the petitioner's failure

to cooperate ended. The government in its response indicated that the Jamaican government is processing the petitioner's travel documents. Despite these efforts the petitioner contends that his removal is not reasonable foreseeable.

Notwithstanding his contention, petitioner has not demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future. See <u>Akinwale v. Ashcroft</u>, 287 F.3d 1050, 1052 (11th Cir. 2002). From a review of the record, it is apparent that ICE promptly took the necessary steps to secure travel documents upon the entry of a final order of removal. Moreover, ICE has been in communications with the Jamaican government, which at no time has indicated that a travel document may not be forthcoming. Based on the record before this Court, ICE's travel document request remains pending. The petitioner has provided this Court with no evidence that Jamaica will not issue the requested travel document. Likewise, the petitioner has not presented this Court with any evidence whatever indicating that ICE is incapable of executing his removal to Jamaica and that his detention will be of an indefinite nature.

In conclusion, the petitioner has failed to make a claim under <u>Zadvydas</u>. Dismissal of the instant petition is warranted. Because circumstances may ultimately change, the dismissal should be without prejudicing petitioner's ability to file a new §2241 petition in the future that may seek to state a claim upon which habeas relief can be granted. See <u>Akinwale</u>, 287 F.3d at 1052.

### V. Recommendation

Based upon the foregoing, it is recommended that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 be dismissed without prejudice to Davis's right to file a future

petition if circumstances change.

It is well-established, based on the language of 28 U.S.C. §2253(c)(1), that "a federal prisoner who proceeds under §2241 does not need a COA," i.e., a certificate of appealability, to appeal the denial of a §2241 petition. Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir.), *cert. denied*, 540 U.S. 900, 124 S.Ct. 258, 157 L.Ed.2d 181 (2003). The language of §2253(c)(1) appears to suggest that a detainee of an agency of the federal government who challenges his detention by way of §2241, as Petitioner does here, also does not need a COA to proceed on appeal. See 28 U.S.C. §2253(c)(1)(requiring a COA in two circumstances: (A) when "the detention complained of arises out of process issued by a State court," or (B) when the appellant challenges "the final order in a proceeding under section 2255"). Because Petitioner fits into neither category set forth in §2253(c)(1), he does not require a COA to proceed on appeal in this matter and therefore no recommendation is made in this regard. See Natty v. Holder, 2012 WL 529936, *4 (N.D.Ga. 2012)(finding no case law on point, in Eleventh Circuit or any other Circuit, suggesting that the language of §2253(c)(1) requires a detainee of any agency of the federal government challenging detention via §2241 to need a COA to proceed on appeal).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 31st day of July, 2015.

UNITED STATES MAGISTRATE JUDGE

```
cc:   Calfus Drummond, pro se
      A# 075-443-280
      Jail no. 14004169
      Monroe County Jail
      Inmate Mail/Parcels
      5501 College Road
      Key West, FL 33040

      Charles S. White, AUSA
      United States Attorney's Office
      99 NE 4 Street
      Miami, FL 33132
```